IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AFFTON FABRICATING & WELDING CO.,
INC., and AMERISURE MUTUAL INSURANCE
COMPANY**,

**Plaintiffs/Counter-Defendants,**

v.

**CAROLINA CASUALTY INSURANCE
COMPANY,**

**Defendant/Counter-Plaintiff.**                           No. 10-0084-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court are cross motions for summary judgment (Docs. 16 and 30). This matter involves an insurance coverage dispute regarding an accident that occurred on June 29, 2008 involving DeMarco Johnson and Travis Clegget in Sauget, Illinois. The question the Court must resolve is whether Defendant/Counterclaim Plaintiff Carolina Casualty Insurance Company owes a duty to defend and indemnify Plaintiffs Affton Fabricating & Welding Co. Inc., and Amerisure Mutual Insurance Company arising out of the vehicular accident. The dispute centers around the use of a trailer in the underlying action. Based on the following, the Court grants Plaintiffs' motion for summary judgment.

On February 3, 2010, Affton Fabricating and Welding Co., Inc. ("Affton") and Amerisure Mutual Insurance Company ("Amerisure") filed a complaint for

declaratory action against Carolina Casualty Insurance Company ("Carolina Casualty") (Doc. 2). Plaintiffs allege that Carolina Casualty owes a defense to Affton for the claims of damages arising out of a June 29, 2008 accident. Plaintiffs further allege that Carolina Casualty refuses to defend Affton regarding these claims. Specifically, Plaintiffs requests that the Court declare that Carolina Casualty owes a duty to defend and indemnify Affton for any liability to any claimant for damages on account of the June 29, 2008 incident involving the trailer owned by Parrish Leasing Company ("Parrish"). Thereafter, on March 18, 2010, Carolina Casualty filed its answer and counterclaim for declaratory judgment against Affton and Amerisure (Doc. 6). Carolina Casualty asks the Court to find and declare that it does not have a duty to defend or indemnify Affton in connection with the underlying <u>Nicholson</u> lawsuit filed in the St. Clair County, Illinois Circuit Court or Clegget's claim for damages and injuries allegedly sustained in the June 29, 2008 incident.

## II. <u>Facts</u>

Affton and Parrish have been doing business together for approximately ten years. Affton fabricates structural steel. Parrish and Affton work together to get the finished product to Affton's customers in the following fashion. Affton uses Parrish's trailers by loading the finished product on an empty trailer that Parrish has dropped off for that purpose. Affton then takes the loaded trailer to a designated location, leaving it unattended and without power, where Parrish can access the trailer at a later time, attaching a truck, and delivering the product to the customer for which it is intended. Thereafter, the empty trailer is returned to the Affton factory

where the process is repeated.

On June 29, 2008, Nicholson and Cleggett were traveling in a motor vehicle driven by Nicholson on Sauget Industrial Parkway. Nicholson's motor vehicle struck a parked flatbed trailer on Sauget Industrial Parkway. Consistent with the procedure noted above, Parrish owned the flatbed trailer that Nicholson stuck, the trailer was loaded with Affton product, and the trailer was not connected to a power unit at the time. In fact and to be specific, on June 25, 2008, Affton emailed Parrish and asked Parrish to pick up the trailer on July 1, 2008 and deliver it to Highland Plaza in St. Louis, Missouri for a construction project. The trailer was parked at the end of the roadway by an Affton employee approximately three weeks prior to the June 29, 2008 accident. Affton used its own power unit to move and park the trailer at the end of the street.

Carolina Casualty issued Commercial Transport Policy, Policy No. CTP 347577 to Parrish, which was in effect at the time of the incident. That policy has, as a declared auto, the trailer in question. Amerisure had, at the time of the incident, a Commercial Auto Policy issued to Affton. Amerisure's policy to Affton does not name the trailer in question as an insured vehicle. Additional pertinent provisions of the Carolina policy will be discussed in section IV below.

Nicholson filed suit against Parrish and Affton in the St. Clair County Illinois Circuit Court.

### III. Summary Judgment

Summary judgment is warranted where "the pleadings, the discovery,

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c)(2);** *see also Brengettcy v. Horton*, **423 F.3d 674, 680 (7th Cir. 2005)**. All facts, and any inferences to be drawn from them, must be viewed in the light most favorable to the non-moving party. *Wis. Cent., Ltd. v. Shannon*, **539 F.3d 751, 756 (7th Cir. 2008)**. If a plaintiff has failed to establish a genuine issue of material fact regarding one of the elements of his case, then summary judgment will be entered in favor of the defendants. *See Beard v. Banks*, **548 U.S. 521, 529-30 (2006);** *see also Cleveland v. Policy Mgmt. Sys. Corp.*, **526 U.S. 795, 805-06 (1999)**. These same principles apply on cross-motions for summary judgment. *Metropolitan Life Ins. Co. v. Johnson*, **297 F.3d 558, 561-62 (7th Cir. 2002)**.

## IV. <u>Analysis</u>

In their motion for summary judgment, Plaintiffs argue that: (1) Affton qualifies as an insured under the Carolina Casualty policy as a "permissive user" of the trailer; (2) that the Carolina Casualty policy provides coverage to Affton for the June 29, 2008 accident; and (3) that the Amerisure policy provides excess coverage to Affton for the June 29, 2008 accident. Carolina Casualty counters that Affton was not "using" the trailer at the time of the accident and, therefore, does not qualify as an insured under the Carolina Casualty policy as a matter of law; that the omnibus clause requirements of the Illinois Financial Responsibility Law do not apply to commercial trucking insurance policies such as the Carolina Casualty policy; and

that Amerisure provides the sole primary coverage to Affton for the claims by Nicholson and Cleggett.

The policy that Carolina Casualty issues to Parrish regarding coverage provides in part:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" ...

The Carolina Casualty policy defines an insured as" any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage." That provision includes the Named Insured and "[a]nyone else while using with your permission a covered "auto" you own, hire or borrow," with some exceptions.

Carolina Casualty argues that under Illinois law, Affton was not a user and that in order to constitute a "use" or be "user" of a vehicle, one must be in operation or control of the vehicle.[1] The Court disagrees with Carolina Casualty's reasoning. Recently, the Illinois Supreme Court in ***Schultz v. Illinois Farmers Insurance Co., 237 Ill.2d 391, 930 N.E.2d 943, 949 (Ill. 2010)***, defined the word "use." It held that the term "use" means something different than "driver" or "operator." It found that a motor vehicle policy must "insure not only the persons

---

[1] Carolina Casualty cites to ***ApconCorp. v. Dana Trucking, Inc.*, 251 Ill.App.3d 973, 980 (Ill. App. 1993)** and ***Thomas v. Aetna Cas. & Surety Co.*, 28 Ill.App.3d 363, 367 (Ill. App. 1975)**. The facts of these cases are clearly distinguishable from the facts of this case.

named in the policy, but also 'any other person using or responsible for the use' of the subject vehicle with the express or implied permission of the insured." *Id.* **(quoting 625 ILCS 5/7-317(b)(2))**. Specifically, the Illinois Supreme Court found:

> A user, in the generic sense, is simply one who makes use of a thing. "Use", in turn is synonymous with "EMPLOY, UTILIZE, APPLY, [and] AVAIL [. It] is general and it indicates any putting to service of a thing..." Webster's Third International Dictionary 2524 (1976).

*Id.*

Based on ***Schultz,*** the Court finds that Affton was using the trailer. It was being used as a trailer, and that injuries allegedly sustained by Cleggett and Nicholson arise out of the use of the trailer. Specifically, their causes of action arise out of Affton's use of the trailer by parking it for pickup and Affton and Parrish's use of the trailers in their business relationship. The use of the trailers by the parties involved delivery by Parrish of an empty trailer, parking, moving, loading, parking again and then pick up of the trailer for delivery by Parrish. The record reveals that the trailer was in constant "use" that is "providing transportation or satisfying some other related need of the user" - by Parrish and Affton.

Thus, the Court finds that Affton is an insured under the Carolina Casualty policy; that Carolina Casualty, as the issuer of the owner's policy for the vehicle, is the provider of primary insurance for any incident alleging liability out of use of the vehicle against and insured; and that the Amerisure policy provides excess insurance coverage for Affton arising out of the incident. Further, the Court finds that Carolina Casualty owes a duty to defend and indemnify Affton for any liability it may have to any claimant for damages on account of the incident of June 29, 2008

involving the trailer owned by Parrish

## V. Conclusion

Accordingly, the Court **GRANTS** Plaintiffs/Counter-Defendants' motion for summary judgment (Doc. 16) and **DENIES** Defendant/Counter-Plaintiff's motion for summary judgment (Doc. 30).  The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Plaintiffs/Counter-Defendants against Defendant/Counter Plaintiff finding and declaring that Carolina Casualty owes a duty to defend and indemnify Affton for any liability it may have to any claimant for damages on account of the incident of June 29, 2008 involving the trailer owned by Parrish.

**IT IS SO ORDERED.**

Signed this 24th day of January, 2011.

David R. Herndon
2011.01.24 14:41:53
-06'00'

**Chief Judge**
**United States District Court**