IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AFFTON FABRICATING & WELDING CO.,
INC., and AMERISURE MUTUAL INSURANCE
COMPANY,

Plaintiffs/Counter-Defendants,

v.

CAROLINA CASUALTY INSURANCE
COMPANY,

Defendant/Counter-Plaintiff.                              No. 10-0084-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Carolina Casualty Insurance Company's motion to reconsider (Doc. 45). Specifically, defendant/counter-plaintiff moves the Court to reconsider its January 24, 2011 Order granting summary judgment on behalf of Affton Fabricating & Welding Co., Inc. ("Affton") and Amerisure Mutual Insurance Company ("Amerisure") and against Carolina Casualty Insurance Company ("Carolina Casualty") (Doc. 43). Obviously, plaintiffs oppose the motion (Doc. 47). Based on the following, the Court denies the motion.

On January 24, 2011, the Court entered an Order granting summary judgment in favor of plaintiffs/counter-defendants and against defendant/counter-plaintiff finding and declaring that Carolina Casualty owes a duty to defend and indemnify Affton for any liability it may have to any claimant for damages on account

of the incident of June 29, 2008 involving the trailer owned by Parrish Leasing Company (Doc. 43). That same day, the Clerk of the Court entered judgment reflecting the same (Doc. 44). Thereafter, Carolina Casualty filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 44). Specifically, Carolina Casualty argues that the Court erred in relying upon the word "use" as defined in *Schultz v. Illinois Farmers Ins. Co.*, 237 Ill.2d 391 (Ill. 2010); that the Court erred in summarily rejecting as distinguishable two Illinois Appellate cases in a footnote; the Court erred by failing to address other cases it cited, including a Michigan appellate court decision; the Court erred in characterizing Affton's use of the trailer as "constant" and Affton's actions in parking the trailer as part of "business relationship" between Affton and Parrish Leasing Company; that the Court erred in finding Carolina Casaulty's policy to be primary and the Court erred in finding that Carolina Casualty owes a duty to indemnify as premature.[1] Plaintiffs respond, and the Court agrees, that Carolina Casualty presents no new reasoning, law or facts which would justify reconsideration of the Court's Order.

## II. Analysis

First, a "Motion to Reconsider" technically does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal

---

[1] As to the indemnification issue, this argument is moot. Affton's response states that the underlying matter has been resolved on behalf of Affton in a settlment of $5,000.00. (Doc. 47, p. 6).

Rules of Civil Procedure. *See, e.g., Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1992). When, as here, the motion to reconsider was filed within 28 days of the entry of the challenged order, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it.[2] *Borrero v. City of Chicago,* 456 F.3d 698, 701–02 (7th Cir. 2006).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Harrington v. City of* Chicago, 433 F.3d 542, 546 (7th Cir. 2006); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001)("Rule 59(e) requires that the moving party ... 'present newly discovered evidence' or 'clearly establish a manifest error of law or an intervening change in the controlling law.'"); Matter *of Prince,* 85 F.3d 314 (7th Cir.1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.,* 983 F.2d 741 (7th Cir.1993). Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000); *Swam v. U.S.,* 327 F.2d

---

[2]As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order.

431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). Here, Carolina Casualty's clearly attacks the merits of the Court's Order, thus, the Court will analyze the motion under Rule 59(e) standards.

Although Rule 59 relief is appropriate if the movant "presents newly discovered evidence that was not available at the time of trial or … points to evidence in the record that clearly establishes a manifest error of law or fact," such relief is *not* properly awarded based on arguments or theories that could have been proffered before the district court rendered judgment. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995)). The Seventh Circuit has emphasized that Rule 59(e) may not be used to relitigate issues already argued or to present new arguments that *could have been presented* before judgment was entered. *See, e.g., Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d at 1264, 1270 (7th Cir. 1996); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Publishers Resource, Inc., v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

The Court finds that defendant/counter-plaintiff neither presented newly discovered evidence nor identified a manifest error of law or fact. Here, Carolina Casualty rehashes arguments already presented to and rejected by the Court. The motion merely takes umbrage with the Court's ruling. Carolina Casualty has not

demonstrated -and the record reveals -no basis warranting relief under Rule 59(e). The Court remains convinced of the correctness of its decision.

### III. Conclusion

Accordingly, the Court **DENIES** the motion to reconsider (Doc. 45).

**IT IS SO ORDERED.**

Signed this 19th day of May, 2011.

Digitally signed by David R. Herndon
Date: 2011.05.19 12:26:58 -05'00'

**Chief Judge**
**United States District Court**